FILED: 8/14/2017 2:15 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO. B170275-C

| | | |
|---|---|---|
| BARBARA G. WRIGHT | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and AARON BERKOWITZ | § | 163rd  JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BARBARA G. WRIGHT, Plaintiff herein, who files this her Original Petition against the Defendant, LIBERTY MUTUAL INSURANCE COMPANY and AARON BERKOWITZ, and for cause of action would respectfully show the court as follows:

#### A. Discovery Control Plan

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

#### B. Parties

2. Plaintiff BARBARA G. WRIGHT is an Individual who resides in Orange County, Texas.

3. Defendant LIBERTY MUTUAL INSURANCE COMPANY is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Agent for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

4. Defendant, AARON BERKOWITZ, is a licensed Texas insurance adjuster who may be served with citation via certified mail, return receipt requested at 3412 Cactus Heights Lane, Pearland, TX 77581.

### C. Jurisdiction

5. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6. The Court has jurisdiction over Defendants LIBERTY MUTUAL INSURANCE COMPANY and AARON BERKOWITZ because Defendants are citizens of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7. Venue is proper in Orange County, Texas because the insured property is situated in Orange County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8. Plaintiff was the owner of **Texas Homeowner's Policy number H37298l0380370** issued by Defendant, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 9258 Bessie Heights Road, Orange, TX 77630.

9. Defendant LIBERTY MUTUAL INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of water.

10. Plaintiff submitted a claim to Defendant with date of loss October 04, 2016 for water damage to the dwelling and contents of the home.

11. Defendants assigned claim number **034512485-01** to Plaintiff's claim.

12. Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically Defendant AARON BERKOWITZ represented to Plaintiff that the damages were not covered and to the extent they were covered by the policy, they exceeded the deductible by less than $100.00. This misrepresentation of damages in contradiction to the policy benefits forced the Plaintiff to cover all of the cost of repairs out of the pocket despite the existence of indemnity under the policy or file suit to recover cost of repairs owed.

13. Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14. Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants. Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

15. Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

16. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(2).

17. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(3).

18. Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(4).

19. Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(7).

20. Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

21. Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.056.

22. Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

23. From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24. As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

25. Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## F. Causes of Action

### Causes of Action Against Defendants

26. Defendant, LIBERTY MUTUAL INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act*, and intentional breach of good faith and fair dealing. Defendant, AARON BERKOWITZ, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27. Defendant LIBERTY MUTUAL INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29. Defendants, LIBERTY MUTUAL INSURANCE COMPANY and AARON BERKOWITZ' conduct constitute multiple violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

30. Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32. Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

33. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

35. Defendants, LIBERTY MUTUAL INSURANCE COMPANY and AARON BERKOWITZ' conduct constitute multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36. Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37. Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

**Breach of the Duty of Good Faith and Fair Dealing**

38. Defendant LIBERTY MUTUAL INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

39. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### H. Knowledge and Intent

40. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### I. Texas Deceptive Trade Practices Act

41. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, LIBERTY MUTUAL INSURANCE COMPANY. Defendant, LIBERTY MUTUAL INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

    a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c. Advertising goods or services with intent not to sell them as advertised;

    d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

    f. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

    g. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such

information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h. Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, BARBARA G. WRIGHT complains of LIBERTY MUTUAL INSURANCE COMPANY and AARON BERKOWITZ and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of the claims, together with attorney's fees.

47. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages. TEX. INS. CODE ANN. Section 541.060.

48. For noncompliance with *Texas Prompt Payment of Claims Act,* Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show herself to be justly entitled.

49. For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

> Respectfully submitted,
>
> **THE BYRD LAW FIRM, P.C.**
>
> /s/ J.M.B.
>
> _____
> Jason M. Byrd
> State Bar No. 24036303
> Jason@txbyrd.com
> 448 Orleans Street
> Beaumont, Texas 77701
> (409) 924-0660/(409) 924-0035
> ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

/s/ J.M.B.

_____
Jason M. Byrd

CIVIL CITATION – CITCVWD

# THE STATE OF TEXAS

To: Liberty Mutual Insurance Company
Corporation Service Company
211 East 7th Street, Suite 620
Austin TX 78701

Defendant, **NOTICE:**
**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said **PLAINTIFF'S ORIGINAL PETITION**
was filed and docketed in the Honorable 163rd District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on August 14, 2017 in the following styled and numbered cause:

**Cause No: 170275-C**

Barbara G. Wright VS. Liberty Mutual Insurance Company et al

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
Jason M Byrd
448 Orleans
Beaumont TX 77701
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this August 14, 2017.



VICKIE EDGERLY, District Clerk
Orange County, Texas

*Vickie Edgerly*

---

## RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____, M., and executed in _____ County, Texas, at _____ o'clock _____.M., on the _____ day of _____, 20____, by delivering, in accordance with the requirements of law, to the within named _____ In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.
And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____        BY: _____



# Notice of Service of Process

**NJP / ALL**
**Transmittal Number: 17048335**
**Date Processed: 08/23/2017**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Barbara G. Wright vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Orange County District Court, Texas |
| **Case/Reference No:** | B170275-C |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/22/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jason M. Byrd<br>409-924-0660 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Nell McCallum & Associates, Inc.
2615 Calder, Suite 111
Beaumont, TX 77702

7017 1070 0001 1739 3953

MAILED FROM ZIP CODE 77702
AUG 18 2017

Liberty Mutual Insurance
Serv: CSC
211 East 7th Street, Ste. 620
Austin, Tx 78701